998 F.2d 7
 302 U.S.App.D.C. 389
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Richard L. Fleming, Sr., Appellant
v.
District of Columbia, et al. (Two Cases)
 Nos. 92-7076, 92-7077.
 United States Court of Appeals, District of Columbia Circuit.
 June 25, 1993.
 
 Before MIKVA, Chief Judge; WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the challenged orders and jury verdicts be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. The Clerk is further directed to file a copy of this judgment in both of the above-captioned cases.
 
 MEMORANDUM
 
 4
 Richard Fleming, Sr. challenges various judicial rulings and the jury verdicts on his claims arising from alleged police harassment. We affirm the district court's dismissal of the claims against the District of Columbia and former Police Chief Maurice Turner contained in Fleming's first complaint because appellant has raised no valid argument challenging those rulings.
 
 
 5
 Finding no abuse of discretion, we affirm the magistrate judge's orders disposing of Fleming's motions to compel, motions to hold in contempt, and motions for sanctions. We also affirm his order denying Fleming's motion to amend the complaint to add claims arising from an attempt to serve a subpoena on Officer Carbone: because Fleming raised the same claims in a separate civil action, he was not prejudiced by any error concerning the motion to amend. We likewise affirm the denial of Fleming's motion to amend the complaint to add Officer Durham as a defendant, substantially for the reasons stated in the district court's memorandum and order filed April 3, 1991.
 
 
 6
 We reject Fleming's claims of bias because he has failed to identify any extrajudicial source for the alleged bias. We reject his claim that the court denied his right to proceed pro se because there is no evidence that the court required Fleming to proceed with counsel or that he informed the court that he desired to proceed pro se.
 
 
 7
 Turning to the trial, we hold that the district court did not abuse its discretion in its evidentiary rulings. We also reject Fleming's claim that the court's inability to hear led to erroneous rulings, as Fleming has not identified the rulings or the alleged errors. We likewise reject Fleming's claim that the court improperly rushed this case to accommodate an upcoming criminal trial, as there is no evidence to support this charge.
 
 
 8
 Regarding Fleming's argument that the court erred in granting in part Carbone's motion for directed verdict and that the jury verdicts for Carbone were inconsistent with the evidence, Fleming has the burden of providing a record illustrating the alleged errors he wishes to pursue on appeal. Lee v. Habib, 424 F.2d 891, 897 (D.C.Cir.1970). Fleming, however, has not provided a transcript or other record allowing review of these claims, nor has he demonstrated that he is entitled to a transcript at government expense. Moreover, his conclusory assertions that "all testimony given was damning" to Carbone and that the defense witnesses lied or "really didn't know anything" are insufficient to establish the validity of his claims. See Brief at 12-13. In a related vein, there is no evidence that the directed verdicts led the jury to believe that Fleming's remaining claims were meritless.
 
 
 9
 Finally, although Fleming voices numerous complaints concerning the jurors, there is no indication that they were improperly or inadequately instructed, that Fleming brought their alleged sleeping to the district court's attention, or that they needed to take notes during the trial. Accordingly, we affirm the magistrate judge's and the district court's rulings, as well as the jury's verdicts.